Jackie PHILLIPS, et al, Plaintiffs,

v.

Leslie DAWSON, et al, Defendants.

Civ. A. No. C 75–0011 L(A).

United States District Court,
W. D. Kentucky,
Louisville Division.

Oct. 2, 1981.

Brian Lawlor, Richard W. McHugh, Lawrence S. Elswit, Legal Aid Society of Louisville, Louisville, Ky., for plaintiffs.

Hughes Walker, Dept. Human Resources, Frankfort, Ky., for defendants.

## MEMORANDUM OPINION

ALLEN, Chief Judge.

This action is submitted to the Court on the motion of the defendant to dissolve the permanent injunction entered on March 8, 1976 and on the motion of the plaintiff to reopen the action as to the aspect of the claims of the interstate applicants for unemployment insurance compensation, plaintiffs' motion to permit discovery, and plaintiffs' motion for a show cause order.

By way of introduction, the permanent injunction provided that the State defendants process all unemployment insurance benefit applications which are uncontested in such a manner that the payment be made by mail or delivered personally to the worker within 24 days after the initial application for benefits is filed. In addition, the injunction provided that the State defendants process contested unemployment insurance applications in such a manner that the initial determination be made within 30 days after the filing of the application for benefits, and if payments are found to be due, that they be made within 40 days after the filing of the initial application, subject to certain exceptions or unusual cases, or in the event of sickness or vacation of the hearing examiner, and provided that the defendants process 95% of all such contested applications within 30 days after initial filing and deliver payment, if due, within 40 days.

The factual situation which occasioned the motions apparently arises in cases where a claim is made in Kentucky for the payment of unemployment insurance benefits by claimants who have moved from another state and it is necessary for Kentucky to ascertain whether the new resident is entitled to benefits by reason of previous unemployment in the original state or states of residence. Both parties concede that this matter was never brought to the attention of the Court before the permanent injunction was entered.

Also, since the entry of the permanent injunction, the United States Department of Labor has promulgated 20 C.F.R. 604.3, 640.2(b), 640.3(b), & 640.5, which set out standards which the states must meet in order to receive federal funds. These standards, in brief, would allow the states to continue to receive federal funds for the period between March 31, 1979 and March 31, 1980 where 71% of the interstate claims were paid within 21 days of a non-waiting week. For the preceding year the standard requirement was 65%, and in both years it is claimed by defendants that they more than met the federal standards.

In addition to the federal regulations, the State has enacted 904 KAR 5:170, Sec. 6(2) which reads that "(t)he agent state's responsibility and authority in connection with the determination of interstate claims shall be limited to investigation and reporting of relevant facts."

The State defendants contend that the new regulations supersede this Court's permanent injunction and that the injunction should be set aside in its entirety. They rely upon *Blankenship v. Secretary of HEW*, 587 F.2d 329 (6th Cir. 1978) which involved the question of whether this Court acted properly in ordering the Secretary of HEW to schedule Social Security disability hearings within 90 days after receipt of the application. A judgment was set aside by the United States Court of Appeals for the Sixth Circuit on the general principle that a federal agency should be allowed some play and flexibility in their administrative procedures and that under the reasonable notice and hearing standards of the statute in question, the question of reasonableness should be reconsidered by the District Court, giving due deference to the administrative process.

Defendants' reliance on *Blankenship, supra*, is misplaced. *Blankenship* did not deal with the question of "payment when due" under the guidelines set out in *California Department of Human Resources v. Java*, 402 U.S. 121, 91 S.Ct. 1347, 28 L.Ed.2d 666 (1971) and 42 U.S.C. Sec. 503(a)(1), which, in contrast to the statute involved in *Blankenship*, provides that payment to the unemployment insurance claimants must be made when administratively due, whereas 42 U.S.C. Sec. 401 et seq., the statute in *Blankenship*, required only that a reasonable notice and opportunity for hearing be given.

While it is true that the regulations enacted since the decision of this Court in 1976 may appropriately determine the relationship between the Department of Labor and the recipient states with respect to promptness in processing unemployment insurance benefit claims, such regulations, which are based on percentage of claims processed within a certain time frame, cannot foreclose the right of individuals to have their day in court on the question of whether or not their particular claims were paid when administratively due. Since the standards imposed by the Department of Labor only relate to averages and percentages, it is conceivable that many unemployment insurance benefits claimants could have their payments withheld for indeterminate periods of time. Such a result is not contemplated by the holding in *California Department of Human Resources v. Java, supra*. This is not to say that the regulations may not be given some consideration in a determination by this Court of what is meant by "payment when due" with reference to interstate claimants.

While the Court is of the opinion that the motion of the defendants to invalidate and set aside the permanent injunction should be denied, it is of the opinion that the questions raised with respect to interstate claimants should be litigated in light of the new federal standards mentioned above, and in light of the plaintiffs' motion for a show cause order, which technically may be preferable to the reopening of a portion of a five-year decree. The reopening approach will give the parties more time within which to accumulate the information that will be necessary to make a proper determination as to what the words "payment when due" mean with reference to interstate claimants. Since the reopening will require further proceedings and litigation, it is apparent that the motion of the plaintiffs to permit further discovery with reference to interstate claimants should be sustained.

Finally, we reject at this time the defendants' suggestion that plaintiffs be required to join as parties all of the other 49 states of the United States and the Department of Labor, the latter of whom were previously dismissed as parties by this Court. While it is true that this Court cannot control the actions of the unemployment compensation benefit agencies in the other states of the Union, it may also be that states such as Kentucky, when furnished adequate infor-

mation by the claimants, may be able to ascertain from the claimants' previous employers, the employee's W–2 forms and the employee's affidavit enough information to make a prompt initial determination. While there may be competing considerations, determination of the need for joinder of other parties should await further discovery and explication of procedures.

It is recognized that there are difficulties with respect to interstate claimants, and that probably the standards set up by the United States Department of Labor may well furnish a guide as to what the appropriate time of payment of benefits in those cases should be, but the Court reserves its opinion until all of the discovery has been completed on this phase of the case. In this connection, it might be appropriate to have a sub-class composed of interstate claimants, but this matter is left to the discretion of the parties.

An order in accordance with this opinion has been entered this day.